## Kubushefski v. Kleinot

*Benjamin L. Winderman*, for plaintiffs.
*M. Landon Spencer*, for defendant.

BRADLEY, *P.J.*, July 31, 1978—Plaintiffs filed a complaint in trespass in which they are seeking damages for injuries suffered in a motor vehicle collision. Defendant has filed several preliminary objections to the complaint.

The first set of these objections argues that counts (1) through (5) of the complaint are violative of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq. Section 1009.301 of that act abolishes tort liability for injuries arising out of the maintenance or use of a motor vehicle unless certain enumerated circumstances are present. Defendant contends that since plaintiffs have failed to allege that any of the excepted circumstances are present, their complaint should be dismissed. With respect to counts (1) through (4) of the complaint, defendant is correct. In those counts, plaintiffs have alleged both economic and noneconomic detriment. Presumably plaintiffs have based their allegations of tort liability in those counts on the premise that the damages alleged therein exceed the thresholds set forth by 40 P.S. §1009.301(4) and (5). However, plaintiffs have failed to allege in their complaint that those thresholds have, in fact, been exceeded. Accordingly, counts (1) through (4), as stated, are barred by the No-fault Act. Accord, Bromiley v. Collins, 1 D. & C. 3d 94 (1977). On the other hand, as to count (5) of the complaint, defendant is not correct. That count alleges property damage which is not covered by the No-fault Act. See 40 P.S. §§1009.102(b) and 1009.103. Therefore, defendant's "no-fault" objection to that count is dismissed.

Defendant's remaining set of objections contends that although plaintiffs have alleged special damages in counts (1) through (5) of the complaint, they

have failed to plead them specifically as required by Pa.R.C.P. 1019(f). The physical injuries, medical expenses, and lost wages alleged by plaintiffs in counts (1) through (4) are not special damages and may be pleaded generally: Boyer v. Krall, 47 D. & C. 2d 36 (1969); Labadie v. Cilurso, 61 D. & C. 2d 749 (1973). In this case, plaintiffs have alleged these damages with sufficient specificity to inform defendant of what he will be required to meet at trial. Any further information may be obtained by discovery: Strohecker v. Crissinger, 21 D. & C. 2d 365 (1960); Magdule v. Feather, 44 D. & C. 2d 192 (1968). On balance, the property damage alleged by plaintiffs in count (5) is not specific enough to sufficiently inform defendant and must be amended.

Accordingly, July 31, 1978, it is hereby ordered and decreed that plaintiffs' complaint is dismissed with leave to file an amended complaint in compliance with this order within 30 days from the date hereof.